UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CEGESTE BARTHELUS,

    Plaintiff,

vs.

G4S GOVERNMENT SOLUTIONS, INC.,

    Defendant.

_____/

## COMPLAINT

1. This is an action by Plaintiff, CEGESTE BARTHELUS (hereinafter "Plaintiff"), under Title VII of the Civil Rights Act of 1978 ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981") to redress injury done to him by the Defendant's, G4S GOVERNMENT SOLUTIONS, INC. (hereinafter "Defendant") discriminatory treatment on the basis of his national origin.

2. Plaintiff completed all conditions precedent to filing an action in court. *See* Ex. A.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, 1367, § 1981, and Title VII. This action is authorized and instituted pursuant to Title VII and § 1981.

4. The employment practices hereafter alleged to be unlawful were committed in Palm Beach County, within the jurisdiction of the Southern District of Florida

## PARTIES

5. At all relevant times, Defendant is a Florida corporation authorized to conduct business in the State of Florida, Palm Beach County, which affects interstate commerce, who at all material times relevant hereto had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

6. Plaintiff is a citizen of the United States and a resident of Palm Beach County Florida, who was employed by Defendant and is a member of certain protected classes of persons.

7. Plaintiff was employed by Defendant from on or about January 28, 2009 through December 15, 2011.

## FACTS COMMON TO ALL COUNTS

8. In or around the year 2007, Plaintiff began his employment with Defendant being employed as a "Senior Network Administrator."

9. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

10. Upon reason and belief, Plaintiff was the only Black, Haitian[1] employee out of the seventy-five (75) employees in the headquarters located at 7121 Fairway Drive, Suite 301 in Palm Beach Gardens, Florida, where Plaintiff worked.

11. On or about December 15, 2011, Defendant began discriminating against Plaintiff because Plaintiff is Haitian and/or because of his race.

12. After ten (10) years of service, Mr. Galusha, the chief technology officer, who is also Plaintiff's supervisor, provided Plaintiff with a very bad performance review.

---

[1] Discrimination based on national origin may be intertwined with discrimination based on race. *See generally* St. Francis Coll. v. Al-Khazraji, 481 U.S. 604 (1987). Thus, Plaintiff asserts the following facts as though they apply equally to the actions under Title VII and those under § 1981.

13. After a discussion between Plaintiff and Mr. Galusha, Mr. Galusha decided that the performance review was inaccurate and sought to amend the evaluation, but his (Mr. Galusha's) supervisor, Mrs. Laura Thomas, a non-Black, non-Haitian, objected to the amendment.

14. Plaintiff, the only Black, Haitian employee, did not receive a pay increase whereas all other non-Black, non-Haitian employees did.

15. On or about April 1, 2010, Mrs. Deborah Briar, I.T. Director, who is non-Black and non-Haitian, began discriminating against Plaintiff. For example, Mrs. Briar, on many occasions, required Plaintiff to cut his lunch break short and return to work (when there was no emergency that required such), but Mrs. Briar did not treat the other similarly situated employees not in the same protected class in such a manner.

16. In or around October 2005, Plaintiff was denied a promotion because he had a Haitian accent.

17. On or about December 16, 2009, Mrs. Briar denied Plaintiff extra days off in December because Plaintiff was on vacation during a holiday period, but Mrs. Briar granted days off to a non-Black, non-Haitian employee who was also on vacation during a holiday period.

18. All senior title employees, such as Plaintiff, had an office, but Plaintiff, being the only Black, Haitian employee did not.

## COUNT I: VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON NATIONAL ORIGIN

19. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a), which states, "It shall be an

unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's national origin, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's national origin, color, religion, sex, or national origin."

20. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Haitian national origin.

21. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Haitian national origin.

22. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff Haitian.

23. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

24. The Plaintiff was qualified for the position apart from his apparent national origin.

25. The Plaintiff was discriminated against by his supervisors because he was Haitian.

26. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII, as amended.

27. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

28. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of the Act with respect to its decision to treat Plaintiff different from other similarly situated employees who are not in the same protected class as Plaintiff

29. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Haitian, in violation of Title VII.

30. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

31. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

32. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin;

E. For a money judgment representing prejudgment interest; and

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

33. Plaintiff pursuant to the Title VII sues Defendant and re-alleges the facts as set forth herein paragraphs 32 of this Complaint.

34. Title VII contains an anti-retaliation provision, forbidding employees from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under Title VII.

35. 42 U.S.C. 2000e-3 reads in applicable part, as follows: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof

or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

36. The Plaintiff complained to Defendant's Human Resources Department about the employment discrimination made by Ms. Briar, on or about December 28, 2010. The next month, Mrs. Briar was promoted to a Director. On or about February 10, less than two months after the complaint, Plaintiff was terminated.

37. Plaintiff's termination constituted retaliatory conduct, and such conduct, knowingly and intentionally perpetrated by the Defendant employer, violated the anti-retaliation provision of Title VII.

38. As a result of the Defendant's retaliatory conduct, the Plaintiff has been damaged and compelled to file this action and he has incurred costs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that Defendant indeed violated Title VII; and, in addition, order the following additional relief:

    A. Award Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits;

    B. Award Plaintiff as to this count prejudgment interest;

    C. Award Plaintiff damages for the amount of costs of litigation and filing, including attorney's fees;

D. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal law, including punitive damages; and

E. Plaintiff demands a trial by jury.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT III: DISCRIMINATION BASED ON RACE IN VIOLATION OF § 1981

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

40. At all times material hereto Defendant was an "employer" within the meaning of 42 U.S.C. §1981.

41. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981.

42. Plaintiff had been employed by Defendant in or around 2009.

43. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

44. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

45. Plaintiff was terminated from his employment on or about February 10, 2011.

46. Defendant has engaged in a pattern of continuous discrimination against Plaintiff based on his race.

47. During the course of his employment with the Defendant, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination

by Defendant's agents because of racial animus towards Plaintiff, which is set forth in more detail above.

48. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon his race.

49. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of his race.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, and its supervisory personnel, was aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law. Plaintiff complained to Defendant's Human Resources department on or about December 28, 2010.

51. The actions and language of the Defendant were so severe and pervasive as to alter the terms, conditions, and/or privileges of his employment with the Defendant.

52. Defendant's actions were based upon the Plaintiff being a Black individual. The Defendant subjected Plaintiff to race-based animosity.

53. Plaintiff would have continued in his form of employment with entitlement to wages and benefits but for the discriminatory conduct of the Defendant.

54. When Defendant terminated the Plaintiff's employment, it retained all employees, such as Mrs. Briar and Mrs. Thomas, who exhibited discriminatory conduct upon the Plaintiff. Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments against Black employees, such as Plaintiff.

55. The discrimination complained of herein was based on race, in that but for the fact that Plaintiff was black, he would not have been the object of discrimination.

56. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and has suffered emotional distress and damage.

57. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possess the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with Defendant.

58. The Plaintiff, by being subjected to this discriminatory treatment by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected.

59. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law

60. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

62. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

> A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981;
>
> B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits;
>
> C. Award Plaintiff as to this count prejudgment interest;
>
> D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees;
>
> E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and
>
> F. Plaintiff demands a trial by jury.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT IV: RETALIATION IN VIOLATION OF § 1981

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this Complaint as if set out in full herein.

64. Plaintiff and Defendant had a contractual relationship.

65. Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant fired Plaintiff in retaliation for Plaintiff's complaints of workplace discrimination based on race.

66. The Plaintiff complained to Defendant's Human Resources Department about the employment discrimination made by Ms. Briar, on or about December 28, 2010. The next month, Mrs. Briar was promoted to a Director. On or about February 10, less than two months after the complaint, Plaintiff was terminated.

67. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race, which are set forth above in more detail.

68. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

69. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981;

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits;

    C. Award Plaintiff as to this count prejudgment interest;

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees;

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

F. Plaintiff demands a trial by jury.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

8/13/12

Respectfully Submitted,

**Remer & Georges-Pierre, PLLC**
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, FL 33130
Phone: (305) 416-5000
Fax: (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637