**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-22945-CIV-ALTONAGA/O'SULLIVAN**

**CEGESTE BARTHELUS**,

       Plaintiff,

v.

**G4S GOVERNMENT SOLUTIONS, INC.**,

       Defendant.

_____/

**<u>COURT'S INSTRUCTIONS TO THE JURY</u>**

       Members of the Jury, I will now explain to you the rules of law that you must follow and apply in deciding this case.

       When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

       In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.  The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

       In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

       Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that control.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case, it is the responsibility of the Plaintiff, Cegeste Barthelus, to prove every essential part of the Plaintiff's claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find for G4S Government Solutions as to that claim.

Barthelus asserts two claims in this case: that he was discriminated against because of his national origin under Title VII of the Civil Rights Act of 1964 and that he was discriminated against because of his race in violation of 42 U.S.C. §1981. G4S Government Solutions denies that Barthelus was discriminated against in any way and asserts Barthelus was terminated for legitimate and nondiscriminatory reasons unrelated to his race or national origin.

To prevail on his race or national origin claim, Barthelus must prove each of the following facts by a preponderance of the evidence:

First:         That Barthelus was terminated by G4S Government Solutions; and

Second: That Barthelus's race or national origin was a substantial or motivating factor that prompted G4S Government Solutions to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these actual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race or national origin. So far as you are concerned in this case, an employer may discipline an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the G4S Government Solutions even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race or national origin.

In deciding whether Barthelus has proven that his race or national origin was a motivating factor in his termination, you are instructed that, where the same individual hired Barthelus and later terminated him, a strong inference or presumption exists that race and/or national origin was not a determining factor for G4S Government Solutions in deciding to terminate Barthelus.

Barthelus claims that G4S Government Solutions's decision to discharge him was based upon the recommendation of Deborah Bria, his manager at the time. If you find that Ms. Bria's recommendation was motivated by discrimination, and that G4S Government Solutions relied upon that recommendation without conducting an independent investigation and simply rubber stamped that recommendation, you may determine that Bria's recommendation was a motivating factor behind Barthelus's termination, even if you find that Bria did not make the final termination decision. But Barthelus's race and/or national origin can be a motivating factor in the decision only if you find that Barthelus has proved each of the following by a preponderance of evidence:

1. Bria acted with the intent to discriminate against Barthelus in recommending his termination;
2. Barthelus's race and/or national origin was a motivating factor behind Bria's recommendation; and
3. There was a direct relationship between Bria's recommendation and the termination decision.

On the other hand, it is not necessary for Barthelus to prove that his race or national origin was the sole or exclusive reason for G4S Government Solutions's decision. It is sufficient if Barthelus proves that race or national origin was a determinative consideration that made a difference in G4S Government Solutions's decision.

As I have explained, Barthelus has the burden to prove that his race or his national origin was a motivating factor in the decision to terminate his employment. I have explained to you that evidence can be direct or circumstantial. To decide whether Barthelus's race or national

3

origin was a motivating factor in G4S Government Solutions's decision, you may consider whether you believe the reasons G4S Government Solutions gave for the decision. If you do not believe the reasons given, you may consider whether the reasons are so unbelievable that they were a cover-up to hide the true discriminatory reasons for the decision.

If you find in favor of Barthelus for each fact he must prove, you must decide whether G4S Government Solutions has shown by a preponderance of the evidence that it would have discharged Barthelus even if it had not taken his race and/or national origin into account. If you find that Barthelus would have been discharged for reasons other than his race or national origin, you must make that finding in your verdict.

If you find for Barthelus and against G4S Government Solutions, you must then decide the issue of Barthelus's damages.

In considering the issue of Barthelus's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Barthelus's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize G4S Government Solutions. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

Compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Barthelus for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Emotional pain and mental anguish.
(b) Punitive damages, if any (as explained in the Court's instructions).

Barthelus also claims that the acts of G4S Government Solutions were done with malice or reckless indifference to Barthelus's federally protected rights so as to entitle Barthelus to an award of punitive damages in addition to compensatory damages. In some cases punitive damages may be awarded for the purpose of punishing G4S Government Solutions for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Barthelus and then further find from a preponderance of the evidence (1) that a higher management official of

G4S Government Solutions personally acted with malice or reckless indifference to Barthelus's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against G4S Government Solutions, you may consider the financial resources of G4S Government Solutions in fixing the amount of such damages.

Of course, the fact that I have given you instructions concerning the issue of Barthelus's damages should not be interpreted in any way as an indication that I believe that Barthelus should, or should not, prevail in this case.

Furthermore, you have received evidence about Barthelus requesting a promotion to manager in 2005. This evidence was admitted for the limited purpose of providing a historical context for Barthelus's claims. Barthelus cannot bring a claim based upon incidents that occurred prior to August 13, 2008, as it is outside the time period for bringing such a claim. Thus, even if you find for Barthelus, you may not award damages for anything that you find happened prior to August 13, 2008.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.